UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ROUSH,<br><br>          Plaintiff,<br><br>     v.<br><br>SAN JOAQUIN VALLEY COLLEGE, KEN GUERRERO and DOES 1 through 30, inclusive,<br><br>          Defendants. | Case No.  1:21-cv-00556-JLT-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER DENYING PLAINTIFF JENNIFER ROUSH'S MOTION TO AMEND SCHEDULING ORDER TO EXTEND TIME FOR NON-EXPERT DISCOVERY**<br><br>(Doc. 20) |

Currently before the Court is Plaintiff Jennifer Roush's ("Plaintiff") Motion to Amend Scheduling Order to Extend Time for Non-Expert Discovery. (Doc. 20.) Defendants San Joaquin Valley College, Inc. dba San Joaquin Valley College, and Ken Guerrero ("Defendants") filed an opposition to the motion. (Doc. 24.) No reply was filed within ten days of Defendants' opposition and the deadline to reply has passed. L.R. 230(d). The Court finds the motion suitable for decision without the need for oral argument. Accordingly, the hearing on the motion currently set for November 18, 2022, is HEREBY VACATED, and the matter is submitted on the record. L.R. 230(g).

1    Having considered the briefing, as well as the entire record in this case, Plaintiff's Motion
2 to Amend Scheduling Order to Extend Time for Non-Expert Discovery is denied.

3    **I.    Background**

4    This is a gender discrimination, pregnancy discrimination, and wrongful termination of
5 employment action pursuant to the California Fair Employment and Housing Act, Civil Rights
6 Act of 1964, and California Family Rights Act.  The matter was removed from Tulare County
7 Superior Court on April 1, 2021.  (Doc. 1.)  On May 11, 2021, Plaintiff filed the operative
8 Second Amended Complaint.  (Doc. 9.)  Defendants filed their Answer on May 25, 2021.
9 (Doc. 11.)

10   On July 1, 2021, the Court held a Scheduling Conference with the parties.  (Doc. 14.)  On
11 July 2, 2021, the Court issued a Scheduling Conference Order, which set the following relevant
12 pretrial deadlines:

13   Non-Expert Discovery Deadline:            July 22, 2022
     Expert Discovery Deadline:                December 9, 2022
14   Pretrial Motion Filing Deadline:          January 16, 2023

15 (Doc. 15.)  The Court also set a Pretrial Conference on July 14, 2023.  (*Id.*)  The Court did not
16 set a trial date in light of the ongoing judicial emergency in the Eastern District of California.
17 (*See* Doc. 2-2.)

18   In the Scheduling Order, the Court advised the parties that if they determined at any time
19 that the schedule could not be met, they must notify the Court immediately so that adjustments
20 could be made, either by stipulation or by subsequent status conference.  (Doc. 15 at 5.)  The
21 Court also provided the following warning:

22   **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by**
23   **stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where**
24   **appropriate, attached exhibits, which establish good cause for granting the relief requested.**
25

(*Id.* at 6.)  The Court has not otherwise modified the Scheduling Order.
26
   On January 7, 2022, the matter was reassigned from "Unassigned DJ" to District Judge
27
Jennifer L. Thurston.  (Doc. 17.)  Plaintiff filed the instant motion on October 14, 2022.  (Doc.
28

2

20.) Defendants filed their opposition to the motion on October 28, 2022.  (Doc. 24.)

## II. Motion to Amend the Court's Scheduling Order

### A. Legal Standard

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc*., NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")).  The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL

3

6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.*

**B. Discussion**

Plaintiff moves to modify the Scheduling Order for the limited purpose of extending non-expert discovery. (Doc. 20.) In her moving papers, Plaintiff claims that she acted diligently in seeking modification of the Scheduling Order. (Doc. 20 at 8.) Plaintiff's counsel notes that the deadline for non-expert discovery was missed "[t]hrough inadvertence," as Plaintiff's counsel "failed to calendar the deadline…" (Doc. 20-2 ¶ 22.) After the deadline, Plaintiff's counsel notes that she tested positive for COVID-19 on August 2, 2022 and did not resume working at "normal capacity" until the second week of September 2022. (Doc. 20-2 ¶¶ 10-11.) On September 14, 2022, Plaintiff's counsel emailed Defendants' counsel to attempt to schedule depositions of Defendant San Joaquin Valley College, Inc. employees. (Doc. 20-2 ¶¶ 12-13.) Following this email exchange, Plaintiff's counsel served deposition notices for those employees on September 30, 2022. (Doc. 20-2 ¶ 14.) Plaintiff's counsel further highlighted that she requested that Defendants' counsel stipulate to modifying the deadline for non-expert discovery after learning from Defendants' counsel that the non-expert discovery deadline had passed. (Doc. 20 at 7; Doc. 20-2 ¶¶ 18-20, 24.)

The dispositive inquiry is whether Plaintiff was diligent in seeking such a modification. The Court finds that Plaintiff has failed to demonstrate good cause for modification of the Scheduling Order. The non-expert discovery deadline expired on July 22, 2022. Not until October 6, 2022, did Plaintiff make any apparent attempt to request modification of that deadline. The Court's orders included warnings and admonishments regarding the parties' obligations to move this case forward. (*See* Doc. 15 at 5.) The Court indicated that the dates set in the Scheduling Order were firm and would not be modified absent a showing of good cause. (*Id.* at 6.) Despite these warnings, Plaintiff sought modification of the non-expert discovery deadline more than two months after the expiration of the deadline. (Doc. 20.)

Further, the declaration accompanying Plaintiff's motion does not demonstrate that Plaintiff acted with diligence in seeking to meet or modify the non-expert discovery deadline. Rather, the declaration of counsel notes that, "[t]hrough inadvertence," Plaintiff's counsel "failed to calendar the deadline for non-expert discovery" and that Plaintiff's counsel was not aware that the deadline had passed until being told by Defendants' counsel on October 6, 2022. (*Id.* ¶¶ 22, 24.) There are no facts included in the declaration indicating any efforts undertaken by Plaintiff to modify the non-expert discovery deadline until October 6, 2022, and thus there are no facts supporting the conclusion that Plaintiff acted diligently in seeking modification of the Scheduling Order.

Plaintiff argues that consideration of diligence includes: the diligence of the moving party "in assisting the court in creating a workable Rule 16 order;" whether the party was diligent in seeking amendment of a scheduling order "once it became apparent that [he or she] could not comply with the order;" and whether the moving party's noncompliance with a deadline "occurred… because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." (Doc. 20 at 8); *Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). However, in the instant case, Plaintiff sought to notice non-expert depositions and modify the non-expert discovery deadline more than two months after the expiration of the deadline. (Doc. 20; Doc. 20-2 ¶¶ 8, 14.) Plaintiff's counsel eventually sought to amend the Scheduling Order via stipulation, but the stipulation was sought after the deadline had expired. The delays indicate that Plaintiff did not act diligently in seeking amendment before the deadline had expired. Plaintiff must show a diligent pursuit of discovery before the discovery cut-off date. See *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1026 (9th Cir. 2006). Finally, although Plaintiff's counsel's COVID-19 diagnosis was not anticipated at the time of the Scheduling Conference, it occurred after the July 22, 2022 non-expert discovery deadline and thus did not cause noncompliance with the Scheduling Order. (*Id.* ¶ 10.) Given Plaintiff's failure to meet her burden in establishing that she acted with diligence, the Court finds it unnecessary to address Plaintiff's remaining contentions. *Johnson*, 974 F.2d at 609.

### III. Conclusion and Order

For the reasons stated, Plaintiff's Motion to Amend Scheduling Order to Extend Time for Non-Expert Discovery (Doc. 20) is DENIED. The hearing set for November 18, 2022 is VACATED.

IT IS SO ORDERED.

Dated:  **November 14, 2022**               /s/ Barbara A. McAuliffe             
                                            UNITED STATES MAGISTRATE JUDGE