UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ROUSH,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN JOAQUIN VALLEY COLLEGE, KEN GUERRERO and DOES 1 through 30, inclusive,<br><br>  Defendants. | Case No. 1:21-cv-00556-JLT-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER GRANTING PLAINTIFF JENNIFER ROUSH'S MOTION TO AMEND SCHEDULING ORDER TO EXTEND TIME FOR EXPERT DISCOVERY**<br><br>(Doc. 30) |

 Currently before the Court is Plaintiff Jennifer Roush's ("Plaintiff") Motion to Amend Scheduling Order to Extend Time for Expert Discovery. (Doc. 30.) Defendants San Joaquin Valley College, Inc. dba San Joaquin Valley College and Ken Guerrero ("Defendants") filed an opposition to the motion. (Doc. 31.) Plaintiff filed a reply on December 28, 2022. (Doc. 32.) The Court finds the motion suitable for decision without the need for oral argument. Accordingly, the hearing on the motion currently set for January 13, 2023, is HEREBY VACATED, and the matter is submitted on the record. E.D. Cal. L.R. 230(g).

 Having considered the motion, opposition and reply briefing, as well as the entire record in this case, Plaintiff's Motion to Amend Scheduling Order to Extend Time for Expert Discovery will be granted pursuant to Federal Rules of Civil Procedure 16(b)(4).

1

**I.     Background**

This is a gender discrimination, pregnancy discrimination, and wrongful termination of employment action pursuant to the California Fair Employment and Housing Act, Civil Rights Act of 1964, and California Family Rights Act.  The matter was removed from Tulare County Superior Court on April 1, 2021.  (Doc. 1.)  On May 11, 2021, Plaintiff filed the operative Second Amended Complaint.  (Doc. 9.)  Defendants filed their Answer on May 25, 2021. (Doc. 11.)

On July 1, 2021, the Court held a Scheduling Conference with the parties.  (Doc. 14.)  On July 2, 2021, the Court issued a Scheduling Conference Order, which set the following pretrial deadlines:

| | |
|---|---|
| Non-Expert Discovery Deadline: | July 22, 2022 |
| Expert Discovery Deadline: | December 9, 2022 |
| Pretrial Motion Filing Deadline: | January 16, 2023 |

(Doc. 15.)  The Court also set a Pretrial Conference on July 14, 2023. (*Id.*)  The Court did not set a trial date in light of the ongoing judicial emergency in the Eastern District of California. (*See* Doc. 2-2.)

In the Scheduling Order, the Court advised the parties that if they determined at any time that the schedule could not be met, they must notify the Court immediately so that adjustments could be made, either by stipulation or by subsequent status conference.  (Doc. 15 at 5.)  The Court also provided the following warning:

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

(*Id.* at 6.)  The Court has not otherwise modified the Scheduling Order.

On January 7, 2022, the matter was reassigned from "Unassigned DJ" to District Judge Jennifer L. Thurston.  (Doc. 17.)  Plaintiff filed an *ex parte* application to amend the scheduling order to extend time for expert discovery on December 5, 2022.  (Doc. 28.)  The Court denied that *ex parte* application on December 6, 2022.  (Doc. 29.)  Plaintiff then filed the

instant motion on December 7, 2022.  (Doc. 30.)  Defendants filed their opposition to the motion on December 21, 2022.  (Doc. 31.)  Plaintiff filed a reply on December 28, 2022.  (Doc. 32.)

## II.   Motion to Amend the Court's Scheduling Order

### A.  Legal Standard

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). The party seeking to modify a scheduling order bears the

burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) and *Johnson,* 974 F.2d at 608-609.). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.*

### B. Discussion

Plaintiff moves to modify the Scheduling Order for the limited purpose of extending expert discovery. (Doc. 30.) In her moving papers, Plaintiff claims that she acted diligently in noticing defense experts' depositions and in seeking modification of the Scheduling Order once it became clear that the deadline could not be met despite her diligence. (Doc. 30-1 at 3-7; Doc. 32 at 3-4.) On November 18, 2022, Plaintiff's counsel notified defense counsel that she was noticing depositions of experts Erik Volk and Chris Meyers and proposed potential dates for depositions. (Doc. 30-2 ¶ 8.) On November 21, 2022, Plaintiff's counsel sent a follow-up email to defense counsel requesting a response and stating that she planned to serve deposition notices prior to the Thanksgiving holiday. (*Id.* ¶ 9.) Later that day, Plaintiff's counsel spoke with defense counsel Alden Parker and agreed on December 6, 2022 for Erik Volk's deposition and December 8 for Chris Meyer's deposition. (*Id.* ¶ 11.) On November 22, 2022, Plaintiff's counsel discussed service of the experts with defense counsel Alden Parker and Christopher Truxler. (*Id.* ¶¶ 12-17.) The same day, Plaintiff's counsel served Mr. Truxler's office with subpoenas and notices of depositions for Defendants' experts. (*Id.* ¶ 17.) On November 30, 2022, Plaintiff's counsel emailed defense counsel to confirm that the expert depositions would go forward. (*Id.* ¶ 18.) Mr. Truxler responded that the experts had scheduling conflicts and would be unable to appear for the depositions. (*Id.* ¶ 19.) On December 1, 2022, Plaintiff's counsel received an email from Mr. Truxler in which Mr. Truxler stated that he could not reach Defendants' experts to confirm their availability. (*Id.* ¶ 22., Ex. J to Declaration of Marguerite Meade.) After determining that the expert depositions would not go forward before the deadline, Plaintiff's counsel filed an initial *ex parte*

application to extend the time for expert discovery on December 5, 2022.  (Doc. 28.) Following this Court's denial of that *ex parte* application, Plaintiff filed the instant motion on December 7, 2022, prior to the December 9, 2022 expert discovery deadline.  (Doc. 30, Doc. 32 at 3.)

The dispositive inquiry is whether Plaintiff was diligent in seeking a modification. *Johnson*, 974 F.2d at 609.  The Court finds that Plaintiff has demonstrated good cause for modification of the Scheduling Order.  Plaintiff filed both her initial *ex parte* application and the instant motion prior to the December 9, 2022 expert discovery deadline.  (Docs. 28, 30.)  In addition, when it became apparent on December 1, 2022, that Defendants' experts would not appear for the scheduled depositions, Plaintiff did not delay in seeking an extension of the discovery deadline.  The initial *ex parte* application was filed on Monday, December 5, 2022, two court days following Plaintiff's counsel's communications with Mr. Truxler on Thursday, December 1, 2022.  (Doc. 28, Doc. 30-2 ¶ 22., Ex. J to Declaration of Marguerite Meade.) Plaintiff's counsel's declaration and the record indicate that Plaintiff undertook efforts to modify the expert discovery deadline prior to the December 9, 2022 deadline.  Therefore, the Court finds that Plaintiff acted diligently in seeking modification of the Scheduling Order.

Defendants argue that Plaintiff's actions did not comport with Local Rule 144(d), which requires that "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent" and states that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. L.R. 144(d). Nevertheless, Plaintiff filed both her *ex parte* application to extend the expert discovery deadline and the instant motion requesting extension of the expert discovery deadline prior to the December 9, 2022 deadline.  (Docs. 28, 30.)  Moreover, Plaintiff appears to have sought the extension soon after it became apparent on December 1, 2022, that Defendants would not be able to reschedule prior to the December 9, 2022 deadline.  (Doc. 28, Doc. 30-2 ¶ 22., Ex. J to Declaration of Marguerite Meade.) Plaintiff learned mere days before the expert cut-off date that Defendants could not reach their experts and would be unable to produce the experts as

originally agreed. The Court will not penalize Plaintiff when Defendants were unable to comply with the original agreement to produce experts.

Defendants further contend that extension of the deadline will disrupt the Court's docket and calendar.  However, the cases cited by Defendants in support of this argument are inapposite, as they involve parties who failed to meet a filing deadline rather than those who requested extensions prior to the deadline. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1056 (9th Cir. 2005) (Plaintiff attempted to identify witnesses "after a deadline set by the district court"); *Singh v. Arrow Truck Sales, Inc.*, No. 2:05-CV-2564-GEB-KJM, 2006 WL 1867540 (E.D. Cal. July 5, 2006) (imposing sanctions where plaintiffs' counsel failed to file a timely joint status report).  In this case, Plaintiff attempted to meet the expert discovery deadline, then requested an extension prior to the expiration of that deadline.  While the Court takes seriously its Scheduling Order and attempts to avoid disruption, here Plaintiff has demonstrated diligence sufficient for modification.

Finally, Defendants argue that Plaintiff's motion should be denied as amendment will substantially prejudice Defendant.  In support, Defendants argue that the Ninth Circuit has "repeatedly held" that "[p]ermitting amendment to discovery [sic] new facts for a new legal theory will require Defendants to incur substantial fees and costs to develop a new defense" is "prejudicial as a matter of law." (Doc. 31 at 7.)  Defendants cite *Coleman v. Quaker Oats Co.*, in which the Ninth Circuit noted that "[t]his prejudice to [defendant], *although not required under Rule 16(b)*, supplies an additional reason for denying the motion." 232 F.3d 1271, 1295 (9th Cir. 2000) (emphasis added).  Similarly, in examining Rule 16(b)'s good cause standard in *Johnson v. Mammoth Recreations, Inc*. the Ninth Circuit explained, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." 975 F.2d 604, 609 (9th Cir. 1992).  These cases demonstrate that while a consideration of prejudice may support a court's conclusion, it is not required in assessing whether a party has met the requirements of Rule 16(b).

In addition, Defendants cite several cases in support of their argument regarding

prejudice. (Doc. 31 at 7.) However, these cases dealt with motions for summary judgment, motions to amend complaints, or motions to strike new claims, rather than directly with the immediate issue - extension of an expert discovery deadline under Rule 16(b). *See Coleman*, 232 F.3d (affirming that the district court's denial of a motion to amend pleadings to add new claims); *Polar Bear Prods., Inc. v. Timex Corp.*, 244 F. App'x 150, 150 (9th Cir. 2007) (affirming district court's striking of new claims from proposed pretrial order); *Eagle v. Am. Tel. & Tel. Co.*, 769 F.2d 541 (9th Cir. 1985) (preventing shareholders from raising a new theory at summary judgment); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984) (affirming district court's motion to dismiss and denial of leave to file a second amended complaint). Defendants' argument accordingly fails, as Plaintiff has carried her burden under Rule 16(b).

### III. Conclusion and Order

For the reasons stated, Plaintiff's Motion to Amend Scheduling Order to Extend Time for Expert Discovery (Doc. 30) is GRANTED. The Expert Discovery cutoff is extended from December 9, 2022 to **February 10, 2023**.[1] The Pretrial Motion Filing Deadline is extended from January 16, 2023 to **February 24, 2023**.

IT IS SO ORDERED.

Dated: **January 9, 2023**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have similar difficulty scheduling experts within this time frame, Plaintiff may advise the Court pursuant to Local Rule 233.