# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER ROUSH, | Case No. 1:21-cv-00556-JLT-BAM |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' REQUEST FOR SANCTIONS |
| SAN JOAQUIN VALLEY COLLEGE and KEN GUERRERO, | |
| Defendants. | (Docs 26, 27) |

Before the Court for decision is Plaintiff's motion for reconsideration (Doc. 26) of the magistrate judge's November 15, 2022, order denying Plaintiff's motion to amend the scheduling order to extend the time for non-expert discovery. (Doc. 25.) Having carefully reviewed the magistrate judge's order (*id*.), the motion for reconsideration (Doc. 26), and Defendants' opposition (Doc. 27) under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A), the Court DENIES the motion for reconsideration for the reasons set forth in Defendants' opposition papers.

Defendants also request in their opposition that the Court impose sanctions upon Plaintiff for "unreasonably multiplying proceedings through her vexatious motions." (Doc. 27 at 9.) The Court declines to order sanctions under the circumstances. Though Plaintiff's counsel cited demonstrably incorrect legal standards in connection with the underlying discovery motion and

her motion for reconsideration, considering the entire record, the Court will give counsel the benefit of the doubt on this occasion and assume that she simply acted imprudently, rather than "in bad faith, vexatiously, wantonly or for oppressive reasons." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Defendant's request for sanctions is DENIED.[1] For the reasons set forth above:

    1.    Plaintiff's motion for reconsideration (Doc. 26) is DENIED.

    2.    Defendants' request for sanctions (Doc. 27) is DENIED.

IT IS SO ORDERED.

Dated:   **February 16, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Defendants argue, as an alternative to sanctions, that the Court should "order Plaintiff to attend mediation with a mutually agreeable private mediator and pay for the cost of the mediator." (Doc. 27 at 11.) Defendants offer no authority for the issuance of such an order, and the Court is unaware of any. The Court nonetheless strongly encourages the parties to consider settlement options and will arrange for a settlement conference to be set before a magistrate judge if the parties mutually agree that one would be helpful. The Court sees significant reasons why both sides should be willing to settle this case.